**PETIT ET AL. *vs.* DRANE.**

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

The appellee must be cited to the *next* term after granting an appeal, if
there is sufficient time, after allowing him the same delay which is
granted to defendants, in ordinary cases.

So, where the appellees reside in New-Orleans, and an appeal was granted
on the 22d of January, and made returnable to the first Monday in March
following : *Held*, to be illegal, and the appeal was dismissed.  It should
have been made returnable to February term, being the next; and the
appellees cited accordingly.

The law does not require that the appellee be cited to the *first* Monday, nor
to any particular day of a term; but only to the *next* term, after allowing
the ordinary legal delay.

So, if an appeal is made returnable to the *second* term, when there was
time to have cited the appellee to the first term, after it was allowed, it
will be dismissed.

This case comes up on a second appeal, the first having
been dismissed for want of service of citation of appeal on the
appellees, who were residents of the state.  See case, 7
*Louisiana Reports*, 483.  The defendant's counsel took a

rule, within the year after the rendition of the original judgment, on the plaintiff and appellees, to show cause why a new appeal should not be allowed.

On hearing the arguments of counsel, and on satisfactory evidence being produced that the costs of the first appeal were paid, the parish judge was of opinion the defendant, under *arts. 594–5 of the Code of Practice,* was entitled to a new appeal. An appeal was accordingly granted on the 22d January, 1835, returnable to the first Monday of March following.

*Benjamin,* for the plaintiffs and appellees, moved to dismiss the appeal, on the following grounds :

1. The appeal must be dismissed, because it is not returnable to the proper term. *Code of Practice,* 583. 3 *Louisiana Reports,* 251, 467. 4 *Ibid.,* 280.

2. The bond is not given according to law. It is not for the amount fixed by the judge, but that fixed by the appellant himself. *Code of Practice,* 574, 578. 2 *Louisiana Reports,* 87.

3. The first appeal in this case was dismissed, and the law does not allow a second appeal under such circumstances. *Code of Practice,* 594, 595, 901.

4. The appeal is not brought up in such a shape as to enable the court to examine the case on the merits. Evidence not all taken down ; and not all in the record which was adduced on the trial; and the statment of facts was made after the appeal. *Code of Practice,* 601, 602, 603. 3 *Louisiana Reports,* 297, 445. 5 *Ibid,* 321.

5. There is no assignment of error, and the only bill of exceptions is immaterial to the decision of the cause.

*Carleton* and *Lockett,* for the defendant, contended, that the appeal must be made returnable to the *next* term : the terms were construed to mean, from month to month; hence, the return day was made the first Monday in every month. When an appeal is taken on the last days of a month, the delay of ten days, as in ordinary suits, must necessarily

elapse after the beginning of the next term; and the beginning of the *next term thereafter*, is, in such cases, almost invariably made the return day.

2. The return day is fixed by the judge, and time must be given to make out the transcript. Suppose an appeal was granted on the last days of a month, and it was physically impossible for the clerk to make out the transcript during the following month, so that it might be filed, might not the judge exercise a discretion, and fix the return for the second term or month?

3. When the appellee lives at a great distance, time must be allowed, in addition to the ordinary delay, to cite him. This time, or, at least, the distance must be left to the discretion of the judge, and the return day fixed accordingly.

The judge calculates the distance from the best means in his reach, and fixes the return day in the second month; and the appellee moves to dismiss the appeal, because he can show the distance is not so great, and he might have been cited to the next month or term: would the appeal be dismissed? Surely not. 8 *Martin, N. S.*, 597.

4. The appellee could only dismiss the appeal in such a case as this, when it operates a stay of execution, and he is kept out of his money. In this case, security is only given for costs: the appeal is not suspensive. 3 *Louisiana Reports*, 441, 467, 468.

*Martin, J.,* delivered the opinion of the court.

In this case, the counsel for the plaintiffs and appellees have prayed for the dismissal of the appeal [among other grounds] on the score of its being made returnable to too distant a day.

The appeal was granted on the 22d of January, and made returnable on the first Monday of March following. The *Code of Practice, art.* 583, requires that the appellee be cited at the *next term* of the Supreme Appellate Court, if there be sufficient time for doing so, after allowing him the same delay which is granted to defendants in ordinary cases. The

The appellee must be cited to the *next term* after granting the appeal, if there is sufficient time, after allowing him the same delay which is granted to defendants in ordinary cases.

So, where the appellees reside in New-Orleans, and an appeal was granted on the 22d of January and made returnable to the first Monday in March following: *Held,* to be illegal, and the appeal was dismissed. It should have been made returnable to February term, being the next, and the appellee cited accordingly.

The law does not require that the appellee be cited to the *first* Monday, nor on

appellees, in this case, reside in the city of New-Orleans. It is clear, therefore, that they might have been cited to appear on some day in the month of February, following the granting the appeal, *which was the next term* of the Appellate Court.

Nothing requires that the appellee should be cited on the *first* Monday of a term, nor on any particular day of a term; but, that he must be cited to the *next* term, if there be sufficient time between the return day, and that on which the appeal was granted, to cite him in, according to law.

This appeal, therefore, was improperly made returnable to the *second* term, after it was allowed, when there was sufficient time to have cited the appellee to the *next term* thereafter.

any particular day of a term; but only to the *next* term, after allowing the ordinary legal delay. So, if an appeal is made returnable to the *second* term, when there was time to have cited the appellee to the first term, after it was allowed, it will be dismissed.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed, with costs.